1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7     RAYMOND GEORGE GLASS,                    Case No.  24-cv-04102-EKL

8                  Petitioner,

              v.                               **ORDER OF TRANSFER**
9
                                               Re: Dkt. Nos. 11, 12, 15
10    PEOPLE OF THE STATE OF
      CALIFORNIA, et al.,

11                 Respondents.

12

13          Petitioner, a state prisoner, submitted a filing titled an "Original Writ of Peremptory

14    Mandate."  ECF No. 1 at 1.  The filing is at times difficult to understand.  Petitioner submitted a

15    petition to the California Supreme Court, but a hearing date has not been set and the California

16    Supreme Court has not responded.  *Id*. at 2.  Petitioner seeks this Court to order the California

17    Supreme Court to set a hearing.  *Id*. at 3.  Petitioner ultimately seeks to be released from prison

18    and for his Stanislaus County conviction to be dismissed.  *Id*.  Any request for this Court to order

19    the California Supreme Court to set a hearing is denied.  Federal district courts are without power

20    to issue mandamus to direct state courts, state judicial officers, or other state officials in the

21    performance of their duties.  A petition for a writ of mandamus to compel a state court or official

22    to take or refrain from some action is frivolous as a matter of law.  *See Demos v. U.S. District*

23    *Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991).

24          Liberally construing petitioner's filing, he appears to seek habeas relief from a conviction

25    in Stanislaus County Superior Court.[1]  Stanislaus County is in the venue of the Eastern District of

26

27    _____

28    [1] Petitioner's sentence of 76 years to life was affirmed by the California Court of Appeal in 2005.
      *People v. Glass*, No. F046540, 2005 WL 3275796, at *1 (Cal. Ct. App. Dec. 5, 2005).

1   California.  Petitioner is incarcerated in the Southern District of California.

2        Venue for a habeas action is proper in either the district of confinement or the district of

3   conviction.  28 U.S.C. § 2241(d).  This district is neither.  Because petitions challenging a

4   conviction are preferably heard in the district of conviction, Habeas L.R. 2254-3(a), and petitioner

5   was convicted in the Eastern District of California, this case is TRANSFERRED to the United

6   States District Court for the Eastern District of California.  *See* 28 U.S.C. § 1406(a); Habeas L.R.

7   2254-3(b); *see also Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968).  All pending motions

8   (ECF Nos. 11, 12, 15) are VACATED.

9        **IT IS SO ORDERED.**

10   Dated: October 15, 2024

11

12

13   Eumi K. Lee
     United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

2