UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND GEORGE GLASS,<br><br>Plaintiff,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA, SUPREME COURT OF CALIFORNIA,<br><br>Respondents. | No. 2:24-cv-2811 CSK P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se. On July 8, 2024, plaintiff filed a document styled "Original Writ of Peremptory Mandate and Memorandum of Points and Authorities Pursuant to 5 U.S.C. § 702, 28 U.S.C. § 1331, Rule 8, and 'F.R.C.P. § 1361,'" and invokes Rule 60(b) of the Federal Rules of Civil Procedure. (ECF No. 1 at 1.) As set forth below, plaintiff's filing is dismissed with leave to amend.[1]

I.   BACKGROUND

In Stanislaus County Superior Court, No. 1027257, plaintiff was convicted by a jury of two counts of aggravated sexual assault of a child and other offenses, with findings that defendant

---

[1] This action was docketed as a petition for writ of habeas corpus. On August 23, 2024, plaintiff filed an application to proceed in forma pauperis. (ECF No. 11.) However, on November 5, 2024, plaintiff paid the filing fee. Thus, plaintiff's application (ECF No. 11) is denied as unnecessary.

1

caused great bodily injury.  See People v. Raymond George Glass, 114 Cal. App. 4th 1032 (5th Dist. Jan. 6, 2004).  On appeal, the California Court of Appeal dismissed certain enhancements, affirmed the conviction in all other respects, and remanded plaintiff's case to the trial court for resentencing.  Id. at 1038.

Plaintiff filed a petition for review in the California Supreme Court on February 6, 2004.  People v. Glass, No. S122396.[2]  The California Supreme Court denied review on March 24, 2004.  Id.

Following resentencing, plaintiff filed an appeal from the sentence imposed on remand, which the California Court of Appeal described as follows:

> [the trial judge] sentenced Glass to consecutive terms of 30 years to life on counts I and II (15 years to life on each count, doubled pursuant to section 667, subd. (e)(1)), a consecutive term of six years for dissuading a witness from testifying (midterm of three years, doubled), enhanced by five years for previously having been convicted of a serious felony (§ 667, subd. (a)), and an additional five years for having inflicted serious bodily injury during the commission of the aggravated rape in count II (§ 12022.8), for a total sentence of 76 years to life.  The remaining counts were either stayed pursuant to section 654 or imposed concurrently.

People v. Glass, 2005 WL 3275796, at *1 (Cal. Ct. App. Dec. 5, 2005).  In evaluating plaintiff's claim that his sentence of 76 years to life is cruel and unusual punishment under the Eighth Amendment, the California Court of Appeal found that plaintiff's case was not one of the exceedingly rare cases in which the gross disproportionality principle applies:

> Glass received a sentence of 76 years to life for his convictions of two counts of sexually abusing a child under the age of 14 years, enhanced because he inflicted great bodily injury during the commission of one of the assaults.  The Legislature reasonably could have concluded that these crimes deserved greater punishment than the crimes in the cited cases.  His criminal background also increased his sentence because (1) he had a previous conviction that constituted a serious felony, and (2) he had served a prior prison term.  His sentence also included six years for dissuading a witness from

---

[2]  The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites.  Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010).  It is appropriate to take judicial notice of the docket sheet of a California court.  White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010).  The address of the official website of the California state courts is www.courts.ca.gov.

> testifying.  These factors convince us this case is not one in which the sentence was grossly disproportionate to the crimes committed.

Id. at *14.  The California Court of Appeal affirmed plaintiff's sentence and conviction on December 5, 2005.  Id. at *1, 15.

On January 5, 2006, plaintiff filed a petition for review in the California Supreme Court. People v. Glass, No. S140170.  The California Supreme Court denied the petition for review without comment on March 1, 2006.  Id.[3]

On July 24, 2013, plaintiff filed a petition for writ of habeas corpus in the California Supreme Court.  Glass (Raymond George) on H.C., No. S212285.  The California Supreme Court denied the petition on October 16, 2013, without comment.  Id.

On December 10, 2013, plaintiff filed a petition for writ of habeas corpus in the California Court of Appeal for the Fifth Appellate District.  In re Raymond George Glass on Habeas Corpus, No. 068482.  On January 31, 2014, the California Court of Appeal denied the petition without comment.  Id.

On February 20, 2014, plaintiff filed a petition for writ of habeas corpus in the California Supreme Court.  Glass (Raymond George) on H.C., No. S216640.  On April 30, 2014, the California Supreme Court denied the petition without comment.  Id.

On October 6, 2014, plaintiff's petition for writ of certiorari to the United States Supreme Court was denied by the United States Supreme Court.  Glass v. California, 135 S. Ct. 230 (2014).

On November 20, 2015, plaintiff filed a petition for writ of habeas corpus in the California Supreme Court.  Glass (Raymond George) on H.C., No. S230725.  The California Supreme Court denied the petition, citing People v. Duvall, 9 Cal.4th 464, 474 (1995); In re Dexter, 25 Cal.3d 921, 925-26 (1979).  Id.  In Duvall, the state court found that a habeas petition must include

---

[3] Plaintiff did not file a petition for a writ of certiorari in the United States Supreme Court.  See S. Ct. Docket Search, https://www.supremecourt.gov/docket/docket.aspx (last visited Nov. 14, 2024).  Thus, it is likely plaintiff's conviction became final no later than May 30, 2006, ninety days after the California Supreme Court denied his petition for review.  See 28 U.S.C. § 2244(d)(1)(A); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).

1   copies of reasonably available documentary evidence.  Duvall, 9 Cal.4th at 474.  In Dexter, the
2   state court found that prisoners must exhaust administrative remedies.  Dexter, 25 Cal.3d 921,
3   925-26.

4        On November 5, 2020, plaintiff filed a petition for writ of mandate/prohibition against
5   California.  Glass v. California, No. S265415.  On December 9, 2020, the California Supreme
6   Court denied the petition without comment.  Id.

7        On April 8, 2024, plaintiff filed a petition for writ of habeas corpus in the California
8   Supreme Court.  Glass (Raymond George) on H.C., No. S284569 (see ECF Nos. 1-2 at 7-70, 1-3
9   at 1-36).  On August 14, 2024, the California Supreme Court denied the petition without
10  comment.  Glass (Raymond George) on H.C., No. S284569.

11       This Court's records do not reflect that plaintiff challenged his Stanislaus County
12  conviction by filing a federal petition for writ of habeas corpus under 28 U.S.C. § 2254 in the
13  United States District Court for the Eastern District of California.

14  II.     PLAINTIFF'S ALLEGATIONS

15       Plaintiff contends that he is subject to a "void judgment," and sought relief from the
16  California Supreme Court without receiving a response.  (ECF No. 1 at 2.)  Plaintiff seeks an
17  order from this Court directing the California Supreme Court to set this matter for hearing and if
18  the state court again refuses to respond, plaintiff requests this Court enter default judgment
19  releasing him from the custody of the California Department of Corrections and Rehabilitation
20  ("CDCR") "setting his State Criminal Conviction as null and void in Stanislaus County Superior
21  Court Case Number 1027257," and relieving plaintiff from the judgment of conviction in No.
22  1027257 pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  (ECF No. 1 at 3.)

23       Plaintiff contends he is not a "person," "defendant," "inmate," "petitioner," "plaintiff," or
24  respondent," but rather he is Raymond George Glass, and refers to himself as "I," "me," "my,"
25  "myself," and "claimant."  (Id.)  Plaintiff claims that his research shows that the "Court is no
26  longer a constitutional court."  (Id. at 4, citing Fehl v. Jackson County, 161 P.2d 782, 786 (S. Ct.
27  Ore. 1945).)  Plaintiff also appears to contend that the court is required to operate under the
28  Uniform Commercial Code ("UCC").  (Id. at 4.)  Plaintiff argues that the Constitution only

mentions three areas of jurisdiction: common law, equity law, and admiralty or maritime law. (Id. at 4-5.)

Plaintiff argues that because federal courts have no common law jurisdiction in criminal cases, then neither do state courts, and all courts must derive their authority from admiralty/maritime law. (Id. at 8.) Plaintiff argues that because he was not informed that his case was under military/ executive authority, his conviction was obtained by fraud. (Id.)

Further, plaintiff contends that the prosecution failed to serve any formal complaint signed and sworn to by the alleged victim, and no information was filed with the grand jury. (Id. at 10.) Plaintiff contends he was not noticed of any contract, agreement, or document to demonstrate that plaintiff is a party to any social compact or contract between himself and respondent/state, thereby demonstrating a lack of jurisdiction. (Id. at 10-11.) Plaintiff claims, inter alia, that he is not a party to the Constitution but is a sovereign and "private man." (Id. at 11, 27.)

As relief, plaintiff seeks an order directing the superior court of California to vacate the criminal conviction as void for lack of jurisdiction; plaintiff be released from liability for a surety bond; plaintiff be released from state prison, and all his rights and privileges be restored; plaintiff be granted money damages in the amount of $25,000.00 per day of unlawful incarceration; and plaintiff be provided "employment equipment, work truck vehicles, car, work tools, clothes, household goods, furniture, etc.," to return plaintiff to his pre-incarceration position. (Id. at 38-39.) As defendants, plaintiff names the People of the State of California and the Supreme Court of California.

III.   SCREENING

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at § 1915A(b). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

IV. TITLE 5 U.S.C. § 702 DOES NOT APPLY

Plaintiff claims to seek relief under 5 U.S.C. § 702 and requests a Court order directing the California Supreme Court to set his matter for hearing, citing 5 U.S.C. § 706. (ECF No. 1 at 2-3.)

The Administrative Procedure Act ("APA") provides that "[t]he reviewing court shall—(1) compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706. "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. "These sections of the APA create a right of judicial review of agency action unlawfully withheld." Rank v. Nimmo, 677 F.2d 692, 698 (9th Cir. 1982).

Here, plaintiff relies on portions of the APA that grant federal courts jurisdiction to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). "With several exceptions not relevant here, the Act defines an agency as 'each authority of the Government of the United States, whether or not it is within or subject to review by another agency.'" Morris v. Gressette, 432 U.S. 491, 500-01 n.14 (1977), quoting 5 U.S.C. § 701(b)(1). However, plaintiff's filing does not seek to compel action by any federal agency within the meaning of the APA. Rather, plaintiff complains about the alleged failure of the California Supreme Court to respond to plaintiff's filing and seeks to compel the state court to take certain actions.[4]

Federal courts within the Ninth Circuit routinely dismiss APA claims brought against state agencies and their employees because "[a]ctions under the APA may be brought only against federal agencies." Shell Gulf of Mexico Inc. v. Center for Biological Diversity, Inc., 771 F.3d 632, 636 (9th Cir. 2014). "[A]s a state agency is not subject to review under the APA," a federal court lacks subject-matter jurisdiction under the APA to review its decisions. Black Dog Outfitters, Inc. v. Idaho Outfitters and Guides Licensing Bd., 873 F. Supp. 2d 1290, 1298-99 (D. Idaho 2012); see also McCullock v. Samuel, 2024 WL 2262694, at *8 (C.D. Cal. Mar. 25, 2024)

---

[4] As noted above, after plaintiff filed this action, the California Supreme Court denied plaintiff's petition on August 14, 2024. Glass (Raymond George) on H.C., No. S284569.

(collecting cases), report and recommendation adopted, 2024 WL 2249776 (C.D. Cal. May 17, 2024).

Because plaintiff's claims are not brought against a federal agency, but rather against the California Supreme Court and the People of the State of California, plaintiff's filing fails to state a claim upon which relief can be granted. Therefore, plaintiff's attempt to seek relief under the APA fails. Such defect cannot be remedied by amendment, and plaintiff is not granted leave to amend to include a claim under the APA based on such allegations.

V.  MANDAMUS RELIEF IS UNAVAILABLE

To the extent plaintiff attempts to seek mandamus relief under 28 U.S.C. § 1361,[5] such effort is also unavailing. "Title 28 U.S.C. section 1361 provides that the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Kildare v. Saenz, 325 F.3d 1078, 1084 (9th Cir. 2003) (internal quotations and citation omitted). Again, because plaintiff seeks relief from the California Supreme Court, and not a federal agency or a federal officer or employee, plaintiff is not entitled to relief under 28 U.S.C. § 1361. Plaintiff should not include such request in any amendment.

VI.  HABEAS IS EXCLUSIVE REMEDY FOR RELEASE FROM PRISON

To invoke federal court jurisdiction, a litigant must satisfy the threshold requirement imposed by Article III of the Constitution by presenting a live case or controversy. See e.g., Jackson v. California Dep't of Mental Health, 399 F.3d 1069, 1071 (9th Cir. 2005) (citing Allen v. Wright, 468 U.S. 737, 750 (1984)). Although plaintiff cites federal question jurisdiction, 28 U.S.C. § 1331, plaintiff also seeks release from incarceration citing Rule 60(b) of the Federal Rules of Civil Procedure, the UCC, Admiralty and Maritime Law, and other provisions. (ECF No. 1, *passim*.) However, a prisoner's sole federal remedy to challenge the validity or duration of his confinement is a petition for a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). If plaintiff seeks release from state custody, he must commence an action pursuant to

---

[5] Plaintiff refers to "F.R.C.P. § 1361," but there is no Federal Rule § 1361. Thus, the Court construes plaintiff's request as if made under 28 U.S.C. § 1361.

7

28 U.S.C. § 2254 challenging his conviction and sentence on the court-approved form. Thus, to the extent that the present filing seeks plaintiff's release from custody, such claims are dismissed as legally frivolous.

If plaintiff chooses to seek federal habeas relief, he is advised of the following. An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. Wilson v. Corcoran, 562 U.S. 1, 5 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Specifically, 28 U.S.C. § 2254(d) sets forth the standards for granting federal habeas corpus relief. In addition, plaintiff is advised that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. This statute of limitations provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody, pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244 (d)(1).

VII.   REQUEST FOR MONEY DAMAGES BARRED

Further, even if plaintiff brought a cognizable claim challenging his conviction under 42 U.S.C. § 1983 and alleged sufficient facts to state a claim, this action would be barred under Heck v. Humphrey, 512 U.S. 477, 489 (1994). A civil rights claim brought pursuant to § 1983

that, if successful, would necessarily undermine the validity of a conviction or the duration of a sentence, may not be brought before the prisoner has obtained a "favorable termination" of the underlying conviction. Id. As noted above, a prisoner's sole federal remedy to challenge the validity or duration of his confinement is a petition for a writ of habeas corpus. Preiser, 411 U.S. at 500. That is, a civil rights claim under § 1983 does not accrue until the prisoner has obtained a "favorable termination" of the underlying conviction. See Heck, 512 U.S. at 489. Under the "favorable termination" rule:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by action whose unlawfulness would render a conviction of sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus.

Heck, 512 U.S. at 486-87.

In short, because state court records confirm that plaintiff's conviction and sentence have not been favorably terminated, plaintiff must obtain a favorable termination of his underlying conviction and/or sentence before he may seek civil relief in a civil rights action under 42 U.S.C. § 1983. Because plaintiff has not yet done so, to the extent that plaintiff alleges a civil rights claim based on his conviction in Stanislaus County Superior Court Case No. 1027257, such claim is dismissed without prejudice. See Butterfield v. Bail, 120 F.3d 1023, 1025 (9th Cir. 1997) (dismissal pursuant to Heck constitutes failure to state a claim under Fed. Civ. P. 12(b)(6)).

VIII.   LEAVE TO AMEND

As discussed above, based on the allegations raised herein, plaintiff cannot amend his filing to seek relief under the APA or 28 U.S.C. § 1361. Plaintiff cannot amend to state cognizable civil rights claims under 42 U.S.C. § 1983 based on the allegations set forth herein because they are barred by Heck, 512 U.S. at 489. Moreover, any civil rights complaint challenging plaintiff's current conditions of confinement must be filed in the United States District Court for the Southern District of California because plaintiff is housed at the R.J. Donovan Correctional Facility in San Diego, California.

///

1   Further, plaintiff has not yet filed a federal habeas petition challenging his Stanislaus
2   County conviction, which was likely final no later than May 30, 2006.  It is unclear whether
3   plaintiff can, in good faith, seek federal habeas relief under 28 U.S.C. § 2244 (d)(1)(B), (C), or
4   (D).  However, in an abundance of caution, plaintiff is granted leave to file a petition for writ of
5   habeas corpus under 28 U.S.C. § 2254.  If plaintiff chooses to file a petition for writ of habeas
6   corpus, this Court makes no finding as to whether such petition would be timely under 28 U.S.C.
7   § 2244(d)(1).  Plaintiff must name his current custodian as respondent, and clearly set forth the
8   grounds for relief.  Rule 2(c), Rules Governing Section 2254 Cases.  Plaintiff must also clearly
9   state the relief sought in the petition.  Id.  In addition, the Advisory Committee Notes to Rule 4
10  explains that "notice pleading is not sufficient, for the petition is expected to state facts that point
11  to a real possibility of constitutional error."  Advisory Committee Notes to Rule 4; see Blackledge
12  v. Allison, 431 U.S. 63, 75, n.7 (1977).

In the alternative, plaintiff may elect to voluntarily dismiss this action.

IX.   MOTION FOR ASSISTANCE

On November 8, 2024, plaintiff filed a motion, purportedly set for hearing on February 17, 2025, asking for a Court order granting plaintiff the right to have Gary Louis Blank, III, a fellow inmate, assist plaintiff in this case, including accompanying plaintiff to any hearing set in this matter.  (ECF No. 21.)  First, plaintiff is advised that all motions in this action will be addressed on the papers, without a hearing.  Thus, no hearing will occur on February 17, 2025.  Second, contrary to plaintiff's statement in his proposed order (ECF No. 21 at 7), this Court has not found that plaintiff's "complaint" states a claim on which relief can be granted, as discussed in detail above.  Third, the Court does not find it necessary to issue an order granting Mr. Blank permission to assist plaintiff in pursuing this action, particularly given the dismissal of plaintiff's initial filing.  But if Mr. Blank wishes to assist plaintiff, he is free to do so within the CDCR's regulations governing such assistance.  Plaintiff's motion for assistance is denied without prejudice.

X.   ORDERS

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application (ECF No. 11) is denied as unnecessary.
2. Plaintiff's filing (ECF No. 1) is dismissed with leave to amend.
3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Election form and submit the following documents to the court:
    a. The completed Notice of Election; and
    b. If plaintiff elects to file a federal petition for writ of habeas corpus, an original of the Petition for Writ of Habeas Corpus. The petition must bear the docket number assigned to this case.

    If plaintiff fails to file the Notice of Election form and, if plaintiff elects to file a federal petition yet fails to file such petition, such failures may result in the dismissal of this action.
4. Plaintiff's request for a hearing on February 17, 2025 (ECF No. 21) is denied.
5. Plaintiff's motion for assistance (ECF No. 21) is denied without prejudice.
6. The Clerk of the Court is directed to send plaintiff the form to file a petition for writ of habeas corpus under 28 U.S.C. § 2254.

Dated:  November 14, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/glas2811.lta

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND GEORGE GLASS,<br><br>Plaintiff,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA, SUPREME COURT OF CALIFORNIA,<br><br>Respondents. | No. 2:24-cv-2811 CSK P<br><br>NOTICE OF ELECTION |

Plaintiff submits the following document in compliance with the court's order filed on _____ (date).

☐   Petition for Writ of Habeas Corpus

(Check this box if submitting a Petition for Writ of Habeas Corpus)

OR

☐   Plaintiff elects to dismiss this case.

(Check this box if voluntarily dismissing this case)

DATED:

_____
Plaintiff

1