UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND GEORGE GLASS,<br><br>Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>Respondents. | No. 2:24-cv-2811 DC CSK P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se. On July 8, 2024, petitioner filed a document styled "Original Writ of Peremptory Mandate and Memorandum of Points and Authorities Pursuant to 5 U.S.C. § 702, 28 U.S.C. § 1331, Rule 8, and 'F.R.C.P. § 1361,'" and invoked Rule 60(b) of the Federal Rules of Civil Procedure. (ECF No. 1 at 1.) This action was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). As set forth below, the Court recommends that this action be dismissed with prejudice.[1]

I.   REQUESTS TO PROCEED IN FORMA PAUPERIS

Civil actions are assessed filing fees of $350.00 plus a $55.00 administrative fee.[2] See

---

[1] This action was docketed as a petition for writ of habeas corpus. Petitioner objects that it is not a petition for writ of habeas corpus, but rather a writ of peremptory mandate as characterized in his initial filing, and claims that the filing fee is $402.00, not $5.00. (ECF No. 29 at 1.)

[2] If leave to file in forma pauperis is granted, petitioner is still required to pay the filing fee but is allowed to pay it in installments. Litigants proceeding in forma pauperis are not required to pay

1

28 U.S.C. §§ 1914(a), 1915(a).  On November 5, 2024, petitioner paid the $5.00 filing fee assessed to petitions for writ of habeas corpus.  Petitioner objects that the $5.00 filing fee was applied to the wrong case and should have been applied to his subsequently filed habeas action, Glass v. Hill, No. 2:24-cv-3020 DC CSK P (E.D. Cal.).[3]  (ECF No. 23.)  On August 23, 2024, and again on December 12, 2024, petitioner filed applications to proceed in forma pauperis in this action.  (ECF Nos. 11, 30.)

Petitioner submitted declarations that make the showing required by 28 U.S.C. § 1915(a).  Thus, the requests to proceed in forma pauperis are granted.  (ECF Nos. 11, 30.)

Petitioner is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Because petitioner already paid $5.00, the balance remaining due for filing this action is $345.00.  By this order, petitioner is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from petitioner's trust account and forward it to the Clerk of the Court.  Thereafter, petitioner is obligated to make monthly payments of twenty percent of the preceding month's income credited to petitioner's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in petitioner's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II.   PROCEDURAL BACKGROUND

On November 15, 2024, the Court dismissed petitioner's pleading and granted him thirty days to file an amended pleading.  (ECF No. 22.)  On December 2, 2024, petitioner filed objections, making clear he did not intend to file an amended pleading, and clarifying that his

---

the $55.00 administrative fee.

[3] On December 17, 2024, petitioner paid the $5.00 filing fee in Glass v. Hill, No. 24-cv-3020 DC CSK P.  A court may take judicial notice of court records.  See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

original writ of peremptory mandate was brought via Rule 60(b), which he claims "automatically invokes Federal Rule of Civil Procedure 81(b)."  (ECF No. 28 at 12.)

In light of petitioner's clarification and subsequent filings, the Court screens petitioner's original pleading anew and recommends that this action be dismissed with prejudice.

III.     BACKGROUND

Petitioner was convicted in Stanislaus County Superior Court, No. 1027257.  See People v. Raymond George Glass, 114 Cal. App. 4th 1032 (5th Dist. Jan. 6, 2004).  On appeal, the California Court of Appeal dismissed certain enhancements, affirmed the conviction in all other respects, and remanded petitioner's case to the trial court for resentencing.  Id. at 1038.

Petitioner filed a petition for review in the California Supreme Court on February 6, 2004.  People v. Glass, No. S122396.[4]  The California Supreme Court denied review on March 24, 2004.  Id.

Following resentencing, petitioner filed an appeal from the sentence imposed on remand.  People v. Glass, 2005 WL 3275796, at *1 (Cal. Ct. App. Dec. 5, 2005).  The California Court of Appeal affirmed petitioner's sentence and conviction on December 5, 2005.  Id. at *1, 15.

On January 5, 2006, petitioner filed a petition for review in the California Supreme Court.  People v. Glass, No. S140170.  The California Supreme Court denied the petition for review without comment on March 1, 2006.  Id.[5]

On November 5, 2020, petitioner filed a petition for writ of mandate/prohibition against California.  Glass v. California, No. S265415.  On December 9, 2020, the California Supreme Court denied the petition without comment.  Id.

---

[4] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites.  Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010).  It is appropriate to take judicial notice of the docket sheet of a California court.  White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010).  The address of the official website of the California state courts is www.courts.ca.gov.

[5] Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court.  See S. Ct. Docket Search, https://www.supremecourt.gov/docket/docket.aspx (last visited Nov. 14, 2024).

3

On April 8, 2024, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. Glass (Raymond George) on H.C., No. S284569 (see ECF Nos. 1-2 at 7-70, 1-3 at 1-36). On August 14, 2024, the California Supreme Court denied the petition without comment. Glass (Raymond George) on H.C., No. S284569.

On October 30, 2024, petitioner challenged his Stanislaus County conviction by filing a federal petition for writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Eastern District of California. Glass v. Hill, No. 2:24-cv-3020 DC CSK P.

IV.   PETITIONER'S ALLEGATIONS

Petitioner contends that he is subject to a "void judgment," and sought relief from the California Supreme Court without receiving a response. (ECF No. 1 at 2.) Petitioner seeks an order from this Court directing the California Supreme Court to set this matter for hearing and if the state court again refuses to respond, petitioner requests this Court enter default judgment releasing him from the custody of the California Department of Corrections and Rehabilitation ("CDCR") "setting his State Criminal Conviction as null and void in Stanislaus County Superior Court Case Number 1027257," and relieving petitioner from the judgment of conviction in No. 1027257 pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (ECF No. 1 at 3.)

Petitioner contends he is not a "person," "defendant," "inmate," "petitioner," "plaintiff," or respondent," but rather he is Raymond George Glass, and refers to himself as "I," "me," "my," "myself," and "claimant." (Id.) Petitioner claims that his research shows that the "Court is no longer a constitutional court." (Id. at 4 (citing Fehl v. Jackson County, 161 P.2d 782, 786 (S. Ct. Ore. 1945).) Petitioner also appears to contend that the court is required to operate under the Uniform Commercial Code ("UCC"). (Id. at 4.) Petitioner argues that the Constitution only mentions three areas of jurisdiction: common law, equity law, and admiralty or maritime law. (Id. at 4-5.)

Petitioner argues that because federal courts have no common law jurisdiction in criminal cases, then neither do state courts, and all courts must derive their authority from admiralty/ maritime law. (Id. at 8.) Petitioner argues that because he was not informed that his case was under military/executive authority, his conviction was obtained by fraud. (Id.)

Further, petitioner contends that the prosecution failed to serve any formal complaint signed and sworn to by the alleged victim, and no information was filed with the grand jury. (Id. at 10.) Petitioner contends he was not noticed of any contract, agreement, or document to demonstrate that petitioner is a party to any social compact or contract between himself and respondent/state, thereby demonstrating a lack of jurisdiction. (Id. at 10-11.) Petitioner claims, inter alia, that he is not a party to the Constitution but is a sovereign and "private man." (Id. at 11, 27.)

As relief, petitioner seeks an order directing the Superior Court of California to vacate the criminal conviction as void for lack of jurisdiction; petitioner be released from liability for a surety bond; petitioner be released from state prison, and all his rights and privileges be restored; petitioner be granted money damages in the amount of $25,000.00 per day of unlawful incarceration; and petitioner be provided "employment equipment, work truck vehicles, car, work tools, clothes, household goods, furniture, etc.," to return petitioner to his pre-incarceration position. (Id. at 38-39.) As respondents, petitioner names the People of the State of California and the Supreme Court of California.

V.     SCREENING

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a respondent or defendant who is immune from such relief. See id. at § 1915A(b). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

VI.    TITLE 5 U.S.C. § 702 DOES NOT APPLY

Petitioner claims to seek relief under 5 U.S.C. § 702 and requests a Court order directing the California Supreme Court to set his matter for hearing, citing 5 U.S.C. § 706. (ECF No. 1 at 2-3.)

The Administrative Procedure Act ("APA"), 5 U.S.C. § 706, provides that "[t]he

5

1    reviewing court shall—(1) compel agency action unlawfully withheld or unreasonably delayed."
2    5 U.S.C. § 706. "A person suffering legal wrong because of agency action, or adversely affected
3    or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial
4    review thereof." 5 U.S.C. § 702. "These sections of the APA create a right of judicial review of
5    agency action unlawfully withheld." Rank v. Nimmo, 677 F.2d 692, 698 (9th Cir. 1982).

6        Here, petitioner relies on portions of the APA that grant federal courts jurisdiction to
7    "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). "With
8    several exceptions not relevant here, the Act defines an agency as 'each authority of the
9    Government of the United States, whether or not it is within or subject to review by another
10   agency.'" Morris v. Gressette, 432 U.S. 491, 500-01 n.14 (1977) (quoting 5 U.S.C. § 701(b)(1)).
11   However, petitioner's filing does not seek to compel action by any federal agency within the
12   meaning of the APA. Rather, petitioner complains about the alleged failure of the California
13   Supreme Court to respond to petitioner's filing and seeks to compel the state court to take certain
14   actions.[6]

15       Federal courts within the Ninth Circuit routinely dismiss APA claims brought against state
16   agencies and their employees because "[a]ctions under the APA may be brought only against
17   federal agencies." Shell Gulf of Mexico Inc. v. Center for Biological Diversity, Inc., 771 F.3d
18   632, 636 (9th Cir. 2014). "[A]s a state agency is not subject to review under the APA," a federal
19   court lacks subject-matter jurisdiction under the APA to review its decisions. Black Dog
20   Outfitters, Inc. v. Idaho Outfitters and Guides Licensing Bd., 873 F. Supp. 2d 1290, 1298-99 (D.
21   Idaho 2012); see also McCullock v. Samuel, 2024 WL 2262694, at *8 (C.D. Cal. Mar. 25, 2024)
22   (collecting cases), report and recommendation adopted, 2024 WL 2249776 (C.D. Cal. May 17,
23   2024).

24       Because petitioner's claims are not brought against a federal agency, but rather against the
25   California Supreme Court and the People of the State of California, petitioner's filing fails to state
26   a claim upon which relief can be granted. Therefore, petitioner's attempt to seek relief under the

---

[6] As noted above, after petitioner filed this action, the California Supreme Court denied petitioner's petition on August 14, 2024. Glass (Raymond George) on H.C., No. S284569.

1  APA fails. Such defect cannot be remedied by amendment.

2  VII.    MANDAMUS RELIEF IS UNAVAILABLE

3  To the extent petitioner attempts to seek mandamus relief under 28 U.S.C. § 1361,[7] such
4  effort is also unavailing. "Title 28 U.S.C. section 1361 provides that the district courts shall have
5  original jurisdiction of any action in the nature of mandamus to compel an officer or employee of
6  the United States or any agency thereof to perform a duty owed to the plaintiff." Kildare v.
7  Saenz, 325 F.3d 1078, 1084 (9th Cir. 2003) (internal quotations and citation omitted). Again,
8  because petitioner seeks relief from the California Supreme Court, and not a federal agency or a
9  federal officer or employee, petitioner is not entitled to relief under 28 U.S.C. § 1361.

10 Petitioner's reliance on Rule 81(b) of the Federal Rules of Civil Procedure is also
11 unavailing. The common law writ of mandamus has been abolished in the district courts. See
12 Fed. R. Civ. P. 81(b). Instead, Rule 81(b) provides that relief previously available through these
13 writs "may be obtained by appropriate action or motion under these rules." Fed. R. Civ. P. 81(b).
14 Where a state prisoner has filed a petition for writ of mandamus, the Court is to construe it as a
15 civil rights action under 42 U.S.C. § 1983 if it complains of prison conditions, or as a habeas
16 corpus petition under 28 U.S.C. §§ 2241-2254 if it challenges a criminal case, conviction, or
17 sentence. Andrews v. King, 398 F.3d 1113, 1122-23 (9th Cir. 2005). If construed as a civil rights
18 action, the screening provisions of 28 U.S.C. §§ 1915 and 1915A apply. Andrews, 398 F.3d at
19 1123 n.12. Here, because petitioner insists his pleading is not a petition for writ of habeas corpus
20 (and he already filed a separate habeas action, Glass v. Hill, No. 2:24-cv-3020 DC CSK P), and
21 his allegations do not complain of prison conditions, the Court declines to recommend that the
22 pleading be construed as a habeas petition or a civil rights complaint.

23 VIII.   HABEAS IS EXCLUSIVE REMEDY FOR RELEASE FROM PRISON

24 To invoke federal court jurisdiction, a litigant must satisfy the threshold requirement
25 imposed by Article III of the Constitution by presenting a live case or controversy. See e.g.,

---

[7] Petitioner refers to "F.R.C.P. § 1361," but there is no Federal Rule of Civil Procedure § 1361. Thus, the Court construes petitioner's request as if made under 28 U.S.C. § 1361.

1 | Jackson v. California Dep't of Mental Health, 399 F.3d 1069, 1071 (9th Cir. 2005) (citing Allen
2 | v. Wright, 468 U.S. 737, 750 (1984)).  Although petitioner cites federal question jurisdiction,
3 | 28 U.S.C. § 1331, petitioner also seeks release from incarceration citing Rule 60(b) of the Federal
4 | Rules of Civil Procedure, the UCC, Admiralty and Maritime Law, and other provisions.  (ECF
5 | No. 1, *passim*.)  However, a prisoner's sole federal remedy to challenge the validity or duration of
6 | his confinement is a petition for a writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475, 500
7 | (1973).  If petitioner seeks release from state custody, he must challenge his conviction and
8 | sentence under 28 U.S.C. § 2254, which petitioner has now done in a separate action.  Glass v.
9 | Hill, No. 2:24-cv-3020 DC CSK P.  Thus, the Court does not construe the instant pleading as a
10 | petition for writ of habeas corpus, and does not recommend that petitioner be granted leave to
11 | amend to file a habeas petition.

12 | IX.     LEAVE TO AMEND IS FUTILE

13 |         On November 15, 2024, the Court screened the instant petition, provided the standards
14 | governing his putative claims, and granted him leave to file an amended pleading.  (ECF No. 22.)
15 | Petitioner opted not to amend.  (ECF Nos. 28, 29.)

16 |         "A district court should not dismiss a pro se complaint without leave to amend unless it is
17 | absolutely clear that the deficiencies of the complaint could not be cured by amendment." Akhtar
18 | v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted).

19 |         As discussed above, based on the allegations raised herein, petitioner cannot amend his
20 | pleading to seek relief under the APA, 28 U.S.C. § 1361, or Rules 60(b) and 81(b) of the Federal
21 | Rules of Civil Procedure.  Petitioner does not raise any allegations concerning the conditions of
22 | his present confinement that would support an action under 42 U.S.C. § 1983.  Moreover, any
23 | civil rights complaint challenging petitioner's current conditions of confinement must be filed in
24 | the United States District Court for the Southern District of California because petitioner is
25 | housed at the R.J. Donovan Correctional Facility in San Diego, California.  Further, petitioner has
26 | now filed a federal habeas petition challenging his Stanislaus County conviction.  Glass v. Hill,
27 | No. 24-cv-3020 DC CSK P (E.D. Cal.).
28 |         For all these reasons, the Court finds it would be futile to grant petitioner leave to amend,

and recommends the district court dismiss this action without further leave to amend. See McKinney v. Baca, 250 F. App'x 781 (9th Cir. 2007) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (noting discretion to deny leave to amend is particularly broad where court has afforded petitioner one or more opportunities to amend his complaint)); see also Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991) (A district court can deny leave "where the amendment would be futile . . . or where the amended complaint would be subject to dismissal").

X.   MOTION FOR RELEASE

On March 11, 2025, petitioner filed a motion for release from custody pending a decision in this action. (ECF No. 31.) Considering the above recommendations, the Court recommends that the motion be denied.

XI.   CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's requests for leave to proceed in forma pauperis (ECF Nos. 11, 30) are granted.

2. Petitioner is obligated to pay the statutory filing fee of $350.00 for this action. Petitioner already paid $5.00, so the balance due on his filing fee is now $345.00. Petitioner is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

Further, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion for release (ECF No. 31) be denied; and

2. This action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District

Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 20, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/glas2811.56